ZEBINA COOK *versus* THOMAS DARLING and    .
Trustee.

In an action of debt on a judgment of the Court of Common Pleas, the judgment can-
not be impeached or avoided as erroneous by plea ; but the remedy is by writ of
error.

THIS was an action of debt on a judgment recovered by
the plaintiff in the Court of Common Pleas for the county
of Bristol, on the second Monday of March, 1822, for the
sum of $ 65·13.   In the original writ upon which such judg-
ment was recovered, the defendant was styled of Bellingham,
in the county of Norfolk.   The defendant pleaded, that at the
time of the supposed service of the original writ upon him, he
was not, and never had been, an inhabitant of this Common-
wealth, and was not then commorant in Bellingham, that he
had no notice of such action and did not appear to defend the  ·
same, and that he had no right or interest in the land attached
therein.

The plaintiff demurred.

*C. Allen, Thayer* and *Deane,* for the plaintiff, cited 2 Co.    *Oc'. 11th*
Inst. 470 ; Com. Dig. *Pleader,* 3 *L* 10 ; *Allens* v. *Andrew,*
Cro. Eliz. 283 ; Bac. Abr. *Scire Facias, E.*

*S. Allen,* for the defendant, cited *Picquet* v. *Swan,* 5 Ma-
son, 35 ; *Hall* v. *Williams,* 6 Pick. 232.

*Per Curiam.*   The Court are of opinion that the plea in    *Oct. 12th*
bar is bad, and that the judgment declared on, cannot thus be
impeached collaterally, by plea.   The judgment declared on,
is a domestic judgment, of a court of common law jurisdiction,
to which a writ of error lies, to reverse the judgment, if erro-
neous.   But until reversed it must be taken to be conclusive.
A different rule may prevail in regard to decrees and adjudi-
cations of inferior courts, not proceeding according to the
course of the common law.   If they exceed their jurisdiction,
or proceed contrary to law, the proceeding is void, and this
may be shown by plea ; but the principal reason is, because no
writ of error lies to reverse such judgment. . *Smith* v. *Rice,*
11 Mass. R. 514.